FILED
U.S. DISTRICT COURT
░░░░░ DIV.
2012 JAN 30 PM 3: 45
CLERK ▔▔▔▔▔▔▔
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

IVAN RUSSELL CUNNINGHAM,

    Plaintiff,

v.

SHANNON HIGGS; WILL HERNDON;
ANDY GAFFNEY; DAVID WILLIAMSON;
and LEE CREAMER,

    Defendants.

CIVIL ACTION NO.: CV610-042

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Hays State Prison in Trion, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion to Dismiss, and Plaintiff filed a Response[1]. Defendants filed a Reply. For the reasons which follow, Defendants' Motion should be **DENIED** at this time.

## STATEMENT OF THE CASE

Plaintiff contends that Defendants David Williamson and Lee Creamer of the Lyons Police Department tore his bicep tendon when they arrested him, which caused him a tremendous amount of pain. Plaintiff asserts that medical staff at the Toombs County Jail refused to provide him with medical attention for over a month. Plaintiff alleges that he was over-medicated, fell into a door, and split his head open, and Defendants Officer Gaffney and Herndon "laughed and joked" about his pain. (Doc. No.

---

[1] Plaintiff also filed a pleading entitled "Plaintiff's Response to Defendants (sic) Motion for Summary Judgment". Defendants have not filed a Motion for Summary Judgment, and the undersigned need not address the assertions contained in this pleading.

1, p. 6). Plaintiff also alleges that Defendants Gaffney and Herndon tased him, and two (2) staples fell out of his head when he fell to the ground. Plaintiff further alleges that he was hogtied and made to wear a football helmet, and Defendant Herndon crammed the helmet down on his head. Plaintiff contends that he was cleaned up three (3) days later and placed in the hole for four (4) weeks. Plaintiff alleges that Shannon Higgs was directly in control of Plaintiff's medical care needs.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that Plaintiff's deposition was scheduled for December 9, 2011, and Defendants' counsel traveled to Trion, Georgia, to take the deposition. Defendants contend that Plaintiff refused to answer any questions, citing his mistaken belief that he had the right to counsel in his civil case. Defendants' counsel states that, after witnessing Plaintiff's "antagonistic manner," he stopped the deposition and told Plaintiff that he would seek sanctions against him, including the dismissal of Plaintiff's cause of action. (Doc. No. 72-1, p. 2). Defendants also contend that Plaintiff now alleges that he could not participate in the deposition because of his medical condition, which is inconsistent with what Plaintiff stated at his deposition. Defendants contend that Plaintiff's Complaint should be dismissed under Federal Rules of Civil Procedure 37, as a party's failure to cooperate in discovery can be grounds for dismissal. In the alternative, Defendants request that Plaintiff be ordered to pay Defendants' fees and costs associated with the deposition and that this case be stayed until Plaintiff has paid this sanction in full.

"If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A).

AO 72A
(Rev. 8/82)

These orders may include "staying further proceedings until the order is obeyed[,] or dismissing the action or proceeding in whole or in part[.]" FED. R. CIV. P. 37(b)(2)(A)(iv)-(v).

The undersigned recognizes that Defendants were authorized by Order dated January 12, 2011, to take Plaintiff's deposition and that Plaintiff was advised that he has the duty to cooperate in any discovery Defendants initiate. (Doc. No. 17). The undersigned also recognizes that Plaintiff failed to cooperate with Defendants' counsel on December 9, 2011, by refusing to answer his questions during the attempt to depose Plaintiff. (Doc. No. 72-2). However, the undersigned does not find that the circumstances of this case support the dismissal of Plaintiff's Complaint at this time. Based on the undersigned's review of the docket, it appears that Plaintiff's refusal to cooperate in the deposition scheduled for December 9, 2011, represents only one (1) instance of Plaintiff's failure to follow a court order or fail to participate appropriately in discovery. Cf. Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (upholding the district court's dismissal as a sanction because the plaintiff "disobeyed several discovery orders. He was warned repeatedly about dismissal as a sanction for disobedience. He was given numerous chances to cooperate. And, in fact, lesser sanctions were tried: plaintiff was assessed costs for his failure to comply with discovery orders. Then plaintiff declared, after he had been flatly threatened with dismissal, that he "had no intention" of appearing at his own deposition or at discovery conferences. No explanation on why lesser sanctions would not have worked was necessary."). Here, the dismissal of Plaintiff's cause of action is an extreme sanction which is not now warranted. Defendants could have filed a motion to compel rather than the instant

AO 72A
(Rev. 8/82)

motion, which would have been a more appropriate course of action. This portion of Defendants' Motion should be denied.

The undersigned also finds that taxing Plaintiff with the costs and fees associated with the attempt to depose Plaintiff is not an appropriate sanction at this time. Plaintiff, who obviously is incarcerated, likely cannot pay the $3,559.00 Defendants' counsel seeks to recover, and thus, the proceedings would be stayed indefinitely until Plaintiff could pay these costs and fees in their entirety. This portion of Defendants' Motion should also be denied.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **DENIED**.

SO REPORTED and RECOMMENDED, this 30th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)