IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

IVAN RUSSELL CUNNINGHAM,

    Plaintiff,

v.                                      CIVIL ACTION NO.: CV610-042

SHANNON HIGGS; WILL HERNDON;
ANDY GAFFNEY; DAVID WILLIAMSON;
and LEE CREAMER,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs, in part, with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In their Objections, Defendants state that they agree with the Magistrate Judge's recommendations that: Defendants are entitled to summary judgment in their official capacities; Defendant Higgs is entitled to summary judgment on all claims; and that all Defendants are entitled to summary judgment on Plaintiff's deliberate indifference claims. Plaintiff failed to object to these portions of the Magistrate Judge's Report and Recommendation. The Court **GRANTS** summary judgment in favor of Defendant Higgs, and Plaintiff's claims against Defendant Higgs are **DISMISSED**. Defendant Higgs is **DISMISSED** as a named Defendant. Defendants Williamson, Creamer, Herndon, and Gaffney are **GRANTED** summary judgment on Plaintiff's deliberate indifference claims and on their official capacities claims. The

Objections of Defendants Williamson, Creamer, Gaffney, and Herndon ("Defendants") address the Magistrate Judge's recommended disposition of Plaintiff's remaining Fourth and Eighth Amendment claims, as well as Defendants' qualified immunity arguments.

Defendants Williamson and Creamer contend that all three (3) factors involved in an excessive force claim under the Fourth Amendment weigh in their favor, and, as a result, they are entitled to summary judgment. The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the right to be free from excessive force during the course of an arrest. Graham v. Connor, 490 U.S. 386, 394-95 (1989); Mercado v. City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005). Claim of excessive force are analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham, 490 U.S. at 388. In order to determine whether the use of force is "objectively reasonable," "the nature and quality of the intrusion on the individual's Fourth Amendment interests" are carefully balanced against "the countervailing governmental interests at stake" under the facts of the particular case. Id. at 396 (internal citations and quotations omitted). The quantum of force employed is measured against these factors—the severity of the crime at issue; whether the suspect poses an immediate threat to the safety of the officers or others; and whether the suspect actively resisted arrest or attempted to evade arrest by flight. Lee v. Ferraro, 284 F.3d 1188, 1197-98 (11th Cir. 2002). Notably, courts consider the officers' actions "from the perspective of a reasonable officer on the scene, rather than through the lens of hindsight," Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1249 (11th Cir. 2004), recognizing that "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are

2

tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Harper v. Perkins, 459 F. App'x 822, 825 (11th Cir. 2012).

The undersigned does not disturb the Magistrate Judge's determination that the first of these factors—the severity of the crime at issue—weighs in favor of Defendants Williamson and Creamer, and the undersigned does not disturb this finding. However, based on the undersigned's review of the entire record, the other two (2) elements weigh in favor of Defendants Williamson and Creamer. Plaintiff admits that he ran when he saw the officers approach the house. (Doc. No. 104, p. 4). Based on the knowledge of Defendants Williamson and Creamer at the time they approached Plaintiff, it is reasonable to assume that they thought Plaintiff was running toward the AK-47 they believed him to possess. While Plaintiff may not have been running *toward* the house, as Defendant Williamson stated, (Doc. No. 93, p. 3), such a discrepancy is immaterial to a finding of whether, in the officers' minds, Plaintiff was attempting to flee—even momentarily—at the time giving rise to this cause of action. In addition, though Plaintiff denied having an assault rifle on his person, this does not equate to Plaintiff not having access to the assault rifle, at least in the minds of Defendants Williamson and Creamer at the time of Plaintiff's arrest. Based on the accounts provided by Defendants Williamson and Creamer, at the time of Plaintiff's arrest, they believed Plaintiff was accused of an act of domestic violence, had access to (even if he had no actual possession) an AK-47, and was attempting to flee. It appears that the Magistrate Judge's recommended disposition was based on an analysis involving the benefit of hindsight, which is impermissible. The undersigned rejects this portion of the Magistrate Judge's Report and Recommendation. This portion of Defendants' Motion for Summary

Judgment is **GRANTED**. Defendants Williamson and Creamer are **DISMISSED** as named Defendants.

In contrast, the undersigned agrees that there are genuine disputes of material fact regarding Plaintiff's Eighth Amendment claims against Defendants Gaffney and Herndon. Defendants Gaffney and Herndon assert that a prisoner's self-serving accusation that an officer's application of force was malicious or sadistic does not create a genuine dispute. This may be a true statement, but, by the same token, a self-serving affidavit submitted by a defendant does not support a finding, on summary judgment, that the application of force was not malicious or sadistic. Consideration of the five (5) factors involved in an Eighth Amendment excessive force claim, particularly in this case, does not lead to the conclusion that Defendants Gaffney and Herndon are entitled to summary judgment in their favor. It appears that Defendants Gaffney and Herndon wish for the Court to make credibility determinations, which, of course, is not the Court's role.

On the same date the Magistrate Judge issued his Report and Recommendation, Plaintiff filed a Motion for Summary Judgment. Defendants filed a Response. Upon consideration, Plaintiff's Motion is **DISMISSED** as untimely. The parties had until March 31, 2012, in which to file any desired motion for summary judgment, per the scheduling order entered on February 2, 2012. (Doc. No. 87). Plaintiff did not file a motion for extension of time to file his Motion, despite his awareness of this option. (See, e.g., Doc. No. 99).

Finally, Plaintiff filed a Motion to Add Medical Records. The medical records Plaintiff wishes to introduce concern an emergency room visit which occurred in August

AO 72A
(Rev. 8/82)

2009. These records are not relevant to Plaintiff's remaining Eighth Amendment claim, which details events allegedly occurring in December 2009. Plaintiff's Motion (Doc. No. 117) is **DENIED**.

**SO ORDERED**, this 23 day of August, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)